# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 22, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| SANDY M. FOUKARAKIS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-1547V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Phyllis Widman, Widman Law Firm, LLC, Linwood, NJ, for Petitioner.
Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 9, 2020, Sandy Foukarakis ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that she suffered Guillain-Barré syndrome ("GBS"), chronic inflammatory demyelinating polyradiculopathy ("CIDP"), transverse myelitis ("TM"), headaches, loss of motor function, loss of bladder function, vision

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

changes/optic neuritis and/or other eye condition(s), and/or a significantly aggravated condition following the administration of an influenza ("flu") vaccination on November 8, 2018. Petition at Preamble (ECF No. 1); Amended ("Am.") Petition at Preamble (ECF No. 7).

On January 23, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on her case. Petitioner's Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed Jan. 23, 2024 (ECF No. 88). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $48,288.50
**Attorneys' Costs** – $95,906.67

Petitioner thus requests a total of $144,195.17. Respondent filed his response on January 24, 2024, stating that he "defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Jan. 24, 2024, at 2 (ECF No. 89).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$128,104.17** in attorneys' fees and costs.

**I.    DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

**A.    Attorneys' Fees**

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is

2

"well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

1.  **Hourly Rates**

Here, Petitioner requests the following hourly rates for the attorney and paralegal(s) from her firm who worked on this matter:

**Phyllis Widman – Attorney**
    2019-2020: $350.00
    2021: $375.00
    2022: $400.00
    2023: $480.00

**Paralegal(s)**
    2023: $175.00

The undersigned finds that the requested attorney rates for 2019-2022, and the paralegal rate for 2023 are reasonable and in accordance with what this attorney and paralegals have previously been awarded for their Vaccine Program work.  See, e.g., Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (finding Ms. Widman's hourly rates of $350.00 and $375.00 for work done in 2019 and 2020, respectively, to be reasonable); Moses ex rel. P.M. v. Sec'y of Health & Hum. Servs., No. 19-739V, 2023 WL 4170458, at *2 (Fed. Cl. Spec. Mstr. June 5, 2023) (finding Ms. Widman's hourly rate of $400.00 for work done in 2022 to be reasonable).  The undersigned will therefore award the 2019-2022 rates requested for Ms. Widman and the 2023 rate for paralegal work.

However, the undersigned does not find the requested rate of $480.00 per hour for attorney work done in 2023 to be reasonable.  This increased rate contrasts with Ms. Widman's previously requested 2023 rate of $420.00 per hour, which was found to be reasonable.  McDonald v. Sec'y of Health & Hum. Servs., No. 15-612V, 2023 WL 6620307, at *3-4 (Fed. Cl. Spec. Mstr. Sept. 12, 2023).  While a rate of $480.00 does align with the OSM fee schedule, it is

3

just two dollars short of the maximum for an attorney of similar experience.[3] Without further explanation or documentation to support a rate increase of 14%, the undersigned finds the $420.00 per hour to be more appropriate. Even if the increase could be found to be reasonable, "it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances." Franceschi v. Sec'y of Health & Hum. Servs., No. 21-0468V, 2023 WL 4270835, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023); see also Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *2 (Fed. Cl. Spec. Mstr. Dec. 18, 2023) ("It is the undersigned's practice, and that of other Special Masters, to award one rate for a calendar year, with adjustments to the hourly rate made only in a succeeding year."); Pryor v. Sec'y of Health & Hum. Servs., No. 18-1288V, 2022 WL 17973236, at *4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022). The undersigned will therefore award a rate of $420.00 per hour for attorney work completed in 2023, which results in a reduction of $1,878.00.[4]

##### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. A small reduction, however, is necessary due to attorney time billed for non-compensable administrative tasks (e.g., "filing"[5] and "scanning and optimizing"[6] documents). See Pet. Mot. at 10-14, 18, 20, 22-23. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Feb. 13, 2024).

[4] (31.30 hours x $480.00) – (31.30 hours x $420.00) = $1,878.00.

[5] For example, see entries dated November 9, 2020; January 18, 2021; July 7, 2021 ("Drafting and filing of Notice to continue" also constitutes unacceptable block billing); July 21, 2021; September 30, 2021; December 29, 2021; March 29, 2022; December 1, 2022; December 5, 2022; January 4, 2023; February 3, 2023; February 6, 2023; May 30, 2023; August 1, 2023; August 2, 2023; and December 13, 2023.

[6] For example, see entries dated November 22, 2020; December 14, 2020; December 18, 2020; January 6, 2021; January 8, 2021; December 29, 2021; January 19, 2022; December 12, 2022; and December 23, 2022.

4

Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Such non-compensable administrative hours totaled 1.35 hours in 2020, 1.70 hours in 2021, 1.25 hours in 2022, and 1.40 hours in 2023. See Pet. Mot. at 10-14, 18, 20, 22-23. Therefore, the undersigned finds a reduction of $2,198.00 reasonable.[7]

### B. Attorneys' Costs

#### 1. Expert Fees

Petitioner requests $67,265.00 for work performed by Dr. Omid Akbari at a rate of $550.00 per hour. Pet. Mot. at 6, 97-104. However, Dr. Akbari has consistently been awarded a rate of $500.00 per hour for his work in the Program. See Bristow v. Sec'y of Health & Hum. Servs., No. 19-457V, 2022 WL 17821111, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing cases in which Dr. Akbari has been awarded $500.00 per hour); Walters, 2022 WL 1077311 (same). Moreover, the undersigned has previously found that $550.00 per hour is excessive for Dr. Akbari's work, and instead compensating him at $500.00 per hour. Carroll ex rel. J.W. v. Sec'y of Health & Hum. Servs., No. 19-1125V, 2023 WL 2771034, at *6 (Fed. Cl. Spec. Mstr. Apr. 4, 2023); Wolf v. Sec'y of Health & Hum. Servs., No. 17-308V, 2022 WL 10075190, at *3 (Fed. Cl. Spec. Mstr. Sept. 28, 2022); M.M. v. Sec'y of Health & Hum. Servs., No. 18-583V, 2022 WL 2070714, at *3 (Fed. Cl. Spec. Mstr. June 9, 2022); Price v. Sec'y of Health & Hum. Servs., No. 18-1472V, 2020 WL 3866890, at *3 (Fed. Cl. Spec. Mstr. June 15, 2020). Accordingly, the undersigned finds that $500.00 per hour, as has been consistently awarded to Dr. Akbari including for work performed in 2023, to be an appropriate hourly rate.[8]

Dr. Akbari spent 122.30 hours reviewing medical records, medical literature, and preparing three expert reports totaling 75 pages. The undersigned finds this amount of time to likely be excessive for a case that has not gone to hearing yet. Other special masters have found Dr. Akbari's billing practices to be excessive or vague and accordingly reduced his billing by 20%. See, e.g., Nieves v. Sec'y of Health & Hum. Servs., No. 18-1602V, 2023 WL 7131801, at *5 (Fed. Cl. Spec. Mstr. Oct. 2, 2023) (finding Dr. Akbari's billing of 164.20 hours to constitute "an excessive amount of time for a case that did not go to hearing . . . [and] caution[ing] Dr. Akbari and counsel to endeavor to employ better billing practices in the future"); Reinhardt v. Sec'y of Health & Hum. Servs., No. 17-1257V, 2021 WL 2373818, at *4 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (finding Dr. Akbari's billing to be "well in excess of the time spent by other experts in cases of comparable complexity"). Other special masters have cautioned Dr. Akbari against excessive billing and encouraged him to "endeavor to reduce the number of hours billed henceforth." Bristow, 2022 WL 17821111, at *5 (finding Dr. Akbari spent an "unusually large expenditure of time for a case that has not yet had a hearing"); see also Romero v. Sec'y of

---

[7] (1.35 hours x $350.00) + (1.70 x $375.00) + (1.25 x $400.00) + (1.40 x $420.00) = $2,198.00.

[8] The undersigned previously indicated she may reconsider Dr. Akbari's rate for work done in 2023. See Carroll, 2023 WL 2771034, at *6 n.18. However, given the comparably excessive nature of Dr. Akbari's billing in this case, the undersigned declines to do so here. The undersigned is willing to reconsider the rate in the future.

5

Health & Hum. Servs., No. 18-1625V, 2023 WL 2598014, at *5-6 (Fed. Cl. Spec. Mstr. Mar. 22, 2023) (finding that Dr. Akbari's billing of 109 hours to prepare two reports constituted a "large expenditure of time for a flu/GBS case that has not yet gone to hearing").

It is difficult to evaluate Dr. Akbari's reports and billing practice before the case has proceeded to hearing.  However, the undersigned finds a preliminary impression of excessive billing, especially in comparison to Petitioner's other expert.  The undersigned does not reduce Dr. Akbari's billed hours for excessiveness here but reserves the right to do so on final fees.  Dr. Akbari billed 1.80 total hours for "Preparation of statement of hours for the report."  Pet. Mot. at 98, 101, 104.  Such administrative tasks are not compensable under the Program for attorneys or experts.  See Rochester, 18 Cl. Ct. at 387 (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Baker v. Sec'y of Health & Hum. Servs., No. 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005) (finding that "fees for experts are subject to the same reasonableness standard as fees for attorneys").  At least one previous special master has warned Dr. Akbari against billing for such tasks.  See Walters, 2022 WL 1077311, at *6.  Therefore, the undersigned reduces his bill by 1.80 hours to a total of 120.50 hours.

Therefore, the amount to be awarded for Dr. Akbari will be reduced to $55,250.00 to conform with the $500.00 hourly rate and reduced hours, less his $5,000.00 retainer previously paid by Petitioner.[9]

Petitioner also requests $21,500.00 for work performed by Dr. Georges A. Ghacibeh in 2022 and 2023 at a rate of $500.00 per hour.  Pet. Mot. at 105-06.  Dr. Ghacibeh has not previously been awarded fees in the Vaccine Program and thus his hourly rate has not yet been determined.  Although an hourly rate of $500.00 is considered high in the Vaccine Program, the undersigned will allow that rate in this case based on the qualifications of Dr. Ghacibeh.  The undersigned notes that she and other special masters have determined this rate appropriate for other well-qualified and specialized experts in his field.  See, e.g., Wakileh, 2023 WL 9228198, at *3; Coons v. Sec'y of Health & Hum. Servs., No. 20-1067V, 2022 WL 2294213, at *7 (Fed. Cl. Spec. Mstr. May 19, 2022); Jaafar v. Sec'y of Health & Hum. Servs., No. 15-267V, 2019 WL 2265329, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 26, 2019); Simon v. Sec'y of Health & Hum. Servs., No. 05-941V, 2008 WL 623833, at *8-9 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).

Dr. Ghacibeh spent 43 hours reviewing medical records, medical literature, and preparing three expert reports.  Pet. Mot. at 105-06.  Given the complexity of this case, the undersigned finds this amount of time to be reasonable.  Therefore, Dr. Ghacibeh will be awarded $21,500.00 in accordance with the $500.00 hourly rate.

  **2. Miscellaneous Costs**

---

[9] (120.50 hours x $500.00) – $5,000.00 = $55,250.00.

Petitioner also requests $7,141.67 for miscellaneous costs, including the filing fee, medical records, postage, and Dr. Akbari's retainer. Pet. Mot. at 61-95. Petitioner has provided adequate documentation supporting these costs and the undersigned will award them in full.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 48,288.50 |
| Reduction of Attorneys' Fees: | - ($ 4,076.00) |
| Awarded Attorneys' Fees: | $ 44,212.50 |
| | |
| Requested Attorneys' Costs: | $ 95,906.67 |
| Reduction of Attorneys' Costs: | - ($ 12,015.00) |
| Awarded Attorneys' Costs: | $ 83,891.67 |
| **Total Attorneys' Fees and Costs:** | **$ 128,104.17** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $128,104.17, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Phyllis Widman.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[10]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[10] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.